IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DUCARMEL GERMAIN,

       Plaintiff,

                                    Civil No. 12-929 MV/LFG

       v.

CITY OF ALBUQUERQUE,
MAYOR RICHARD J. BERRY, in his official capacity
as Mayor of the City of Albuquerque,
ALBUQUERQUE POLICE DEPARTMENT,
CHIEF RAY SCHULTZ, in his official capacity as Chief of Police,
And OFFICER D.P. RITCHIE, individually and in his official capacity
as an employee of the City of Albuquerque,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on City Defendants' 12(b)(6) Motion, and

Memorandum in Support, to Dismiss Plaintiff's Complaint Against Chief Schultz and to Dismiss

Plaintiff's Official Capacity Claims Against Defendant D.P. Ritchie [Doc. 21].   The Court,

having considered the motion, briefs, relevant law and being otherwise fully informed, finds that

the Motion is well-taken and will be granted.

**BACKGROUND**

On the afternoon of August 26, 2011, Plaintiff, a "dark-skinned individual of Haitian

descent," was driving through the streets of Albuquerque.   Doc. 1-1, ¶¶ 1, 9.   After following

Plaintiff for several blocks, Albuquerque Police Officer D.P. Richie pulled Plaintiff over, and

advised him that he stopped him for driving 15 miles over the speed limit.   *Id.* ¶¶ 9-10.   Officer

Ritchie called for backup and arrested Plaintiff, claiming that there was an outstanding warrant for

his arrest.  *Id.* ¶ 11.  Plaintiff advised Officer Ritchie that there was no outstanding warrant for

his arrest; nonetheless, he was detained for over 20 hours, six of which he spent with his hands in

handcuffs behind his back.  *Id.* ¶¶ 12-13.  Plaintiff posted bond and was released the following

day.  *Id.* ¶ 14.  Bernalillo County Metropolitan Court records indicate that although a bench

warrant for Plaintiff's arrest was issued on July 29, 2009, the Court canceled the warrant on

November 19, 2009, based on a finding that Plaintiff was not guilty.  *Id.* ¶ 16.

On September 4, 2012, Plaintiff filed a Complaint for Damages.  Plaintiff named as

Defendants the City of Albuquerque, Mayor Richard Barry "in his official capacity as Mayor of

the City of Albuquerque," the Albuquerque Police Department, Chief Ray Schultz, "in his official

capacity as Chief of Police," and Officer Ritchie, "individually and in his official capacity as an

employee of the City of Albuquerque."  *See* Doc. 1-1.  Plaintiff has previously agreed to the

dismissal of Mayor Barry and the Albuquerque Police Department as Defendants in this action.

*See* Docs. 23, 24.  The Complaint includes six counts, apparently against all Defendants.  Counts

I, II and V allege federal constitutional violations, namely violations of the Fourth and Fourteenth

Amendment, based on unreasonable seizure and false imprisonment, and violation of the Fifth

Amendment, based on racial profiling; Counts III, IV, V, and VII allege, under the New Mexico

Tort Claims Act, violations of state law, namely false imprisonment and malicious abuse of

process.  Doc. 1-1, ¶¶ 18-54.

On November 15, 2012, Defendants filed the instant motion seeking dismissal of

Plaintiff's claims to the extent they are brought against Chief Schultz, in his official capacity, and

against Officer Ritchie, in his official capacity.  Doc. 21.  Plaintiff filed a response in opposition

on January 8, 2013.  Doc. 30.  Defendants' reply followed on February 1, 2013.  Doc. 36.

**LEGAL STANDARD**

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Defendants move to dismiss Plaintiff's official capacity claims against Chief Schultz as Chief of Police and against Officer Ritchie as an employee of the City of Albuquerque. In support of their motion, Defendants argue that, because official capacity suits are merely another way of pleading an action against a government entity, and because Plaintiff has sued the City of

Albuquerque in this case, the official capacity claims against Chief Schultz and Officer Ritchie are duplicative and unnecessary.   Plaintiff acknowledges that a suit against a City employee in his official capacity is equivalent to a suit against the City itself, but nonetheless argues that there is no authority allowing the Court to dismiss either the City or the City employee on the sole basis that the claims are duplicative.   Contrary to Plaintiff's argument, the case law supports Defendant's request for dismissal of the official capacity claims.

"[A] § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. . . . Naming either is sufficient.   Naming both is redundant."   *Stump v. Gates*, 777 F. Supp. 808, 816 n.3 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   Accordingly, Chief Schultz and Officer Ritchie should not be defendants in their official capacity where the municipal entity – the City of Albuquerque – is already named as a defendant.   *Vondrak v. City of Las Cruces*, No. CIV-05-172, 2009 WL 1300945, *2 (D.N.M. Mar. 30, 2009).   Because the claims against the City of Albuquerque accomplish what claims against the officers in their official capacity would accomplish, the addition of Chief Schultz and Officer Ritchie in their official capacity is redundant.   *Id.*

As the Court noted in *Vondrak*, "[w]hile an argument could be made that leaving redundant allegations in a case does not harm matters, and that courts should not expend their resources eliminating redundancy, the law allows removal of redundant allegations and issues in similar contexts.   *Id.* at *2 n.1.   As in *Vondrak*, "[a]lthough the Defendants have not brought a motion to strike, their motion to dismiss seeks to do something similar:   it seeks the dismissal of claims, because a 42 U.S.C. § 1983 [action] lies against either a municipality or its officers in their official capacity – not against both the municipality and the officers in their official capacity."   *Id.*   As

the *Vondrak* Court concluded, "[t]here is no sound reason to allow the official capacity claims to remain, given the case law indicating that, where the municipality is already named as a defendant, such claims are redundant." *Id.*

Plaintiff further argues that because his Complaint alleges state law claims under the New Mexico Tort Claims Act against Chief Schultz and Officer Ritchie in their official capacity, dismissal of the official capacity claims would be improper.   This argument misapprehends the nature of the liability of an individual sued under the New Mexico Tort Claims Act.   A suit against City officials under the Tort Claims Act is not a suit against them in their official capacities.   "Although the alleged misconduct of the [] defendants occurred in the course of their official duties, the distinction between a state official in an official capacity and a state official in an individual capacity does not turn on the type of conduct involved.   Rather, it turns on procedural considerations and the relief sought." *Ford v. New Mexico Dep't of Pub. Safety*, 891 P.2d 546, 552 (N.M. Ct. App. 1994).   Thus, the nature of the liability of an official in a suit under the New Mexico Tort Claims Act "is essentially the same" as the nature of the liability of the official sued under Section 1983:   "[b]oth are sued for misconduct in office.   In both, the defendant is the individual, not the office." *Id.*   Accordingly, Plaintiff cannot state a claim under the New Mexico Tort Claims Act against Chief Schultz and Officer Ritchie in their official capacity.   It follows that his allegations of violations of state law provide no basis to prevent dismissal of the official capacity claims.

Plaintiff has not named Chief Schultz as a Defendant in his individual capacity.   Nor has he included in the Complaint any factual allegations to demonstrate how Chief Schultz violated any of his federal or state rights. Nonetheless, Plaintiff argues that his claims against Chief Schultz should remain in this case, because: (1) all of his claims are alleged against "Defendants, plural;"

5

and (2) his "clarification" in the parties' Joint Status Report that Chief Schultz's failed "to train . . . police staff officers in the proper procedures required by the NCIC policy and procedures" is sufficient to state a claim under Section 1983.   Doc. 30 at 5-6.   Plaintiff's argument again misses the mark.   First, any claims that Chief Schultz is liable under Section 1983 or under the New Mexico Tort Claims Act must be made against him in his individual capacity.   Further, it is insufficient under Rule 8 to simply name "Defendants, plural," in each count of the Complaint, without providing any factual content that allows the court to draw the reasonable inference that Chief Schultz is liable for the misconduct alleged.   *Iqbal*, 556 U.S. at 678.   This insufficiency is not cured by inclusion of "failure to train" allegations in a Joint Status Report, or any other pleading, as "in determining whether to grant a motion to dismiss the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."   *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).[1]   Accordingly, the Complaint fails to state a claim upon which relief can be granted as to Chief Schultz.

## CONCLUSION

Plaintiff's official capacity claims against Chief Schultz and Officer Ritchie are unnecessarily duplicative of his claims against the City of Albuquerque, and thus should be dismissed.   Further, Plaintiff has failed to name Chief Schultz as a Defendant in his individual capacity, or provide any factual basis to establish that, even if he were so named, Chief Schultz

---

[1] Indeed, the allegations cited by Plaintiff would be insufficient to impose individual liability under Section 1983 upon Chief Schultz, as a supervisor.   "A supervisor is not liable under section 1983 unless an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation or direction, or his failure to supervise."   *Meade v. Grubbs*, 841 F.2d 1512, 1257 (10th Cir. 1988).   To be held liable, "a supervisor must have participated or acquiesced in the constitutional deprivations of which complaint is made."   *Id.*   Further, "a supervisor . . . may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable."   *Id.*   In other words, only when "a superior's failure to train amounts to deliberate indifference to the rights of persons with whom his subordinates come into contact" will the inadequacy of training serve as the basis for Section 1983 liability.   *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001) (citation omitted).

engaged in conduct that constitutes a violation of Defendant's federal constitutional rights.

Accordingly, Plaintiff has alleged no viable claims against Chief Schultz.

      **IT IS THEREFORE ORDERED** that City Defendants' 12(b)(6) Motion, and

Memorandum in Support, to Dismiss Plaintiff's Complaint Against Chief Schultz and to Dismiss

Plaintiff's Official Capacity Claims Against Defendant D.P. Richie [Doc. 21] is granted.

      DATED this 8th day of August, 2013.

                                  MARTHA VÁZQUEZ
                                  United States District Judge